### John W. Martin v. The Chicago, B. & Q. R. R. Co. and The City of Sterling.

1. STREETS — *Obstructions — Justification Under Ordinances.* — In order to justify the placing of building materials in a public street under an ordinance permitting a party to use part of a street adjacent and opposite to his premises, for the purpose of placing building materials thereon, whenever such use should be necessary during the continuous construction of a building on his premises, it must appear that the material occupied no greater part of the street than allowed by the ordinance and that such materials were so placed when such use of the street was necessary during the continuous construction of the building.

Trespass De Bonis Asportatis.—Appeal from the Circuit Court of Whiteside County; the Hon. FRANK RAMSEY, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed February 1, 1900.

F. E. ANDREWS and H. C. WARD, attorneys for appellant.

W. N. HASKELL, C. L. SHELDON and A. A. WOLFERSPERGER, attorneys for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an action of trespass, with counts in trover, brought by appellant against appellees for the taking and conversion of some seventy cords of stone belonging to appellant and piled in a public street, known as Depot street, in the city of Sterling, Illinois.

Appellees pleaded the general issue and gave notice that under it they would prove (1) that said city was a municipal corporation and had charge of its streets and alleys, including Depot street, which was a public street; (2) that it was the duty of said city to keep the same open to public travel; (3) that appellant deposited a large quantity of stone in said Depot street, in violation of the city ordinances, and (4) that said city employed said defendant, the Chicago, Burlington & Quincy Railroad Company, to remove said stone. At the trial there was a verdict and a judgment for defendants, from which the plaintiff appeals.

The proof shows that in December, 1882, the Chicago, Burlington & Quincy Railroad Company, one of the appellees, acquired from the city council of Sterling the right to lay its main track along the center of said Depot street and side tracks along the north half thereof; that it afterward proceeded to build and lay its tracks along the center and north half of said street, and has since so occupied such portion of the same.

The south half of the street was retained by the city as a public thoroughfare, but was used by persons having business with the railroad to load and unload freight from the cars placed along the main track. The street runs east and west and is sixty-six feet wide. About April 1, 1897, appellant, being the owner of certain lots adjoining said street on the south, with the alleged intention of building on said lots, hauled and deposited along said street, north of his premises, some sixteen cords of stone, in a pile about four feet wide and four feet high, the north line of which was some six or seven feet from the south rail of said main track. This stone was removed by the railroad company on April 6, 1897, and its removal is not involved in this suit, but immediately thereafter, appellant deposited another pile of some seventy cords of stone along said street of the same height and width, and about the same distance south of the main track. At the time this stone was so deposited, there was an ordinance of the city that no person should put obstructions of any kind in any street or alley

of said city, with the provision, however, that it should not
be construed to prevent any person from using not more
than one-third of the width of any street or alley adjacent
and opposite to his premises, for the purpose of placing build-
ing materials thereon, whenever such use should be necessary,
" during the continuous construction of any building on his
said premises." On August 17, 1897, the ordinance above
referred to was amended so as to provide that no person
should leave or place obstructions of any kind in any street,
without first obtaining permission from the city council, and
that such council might, upon application, issue permits for
a limited time and space to deposit building materials on
portions of such street, when such occupancy was required
in connection with the construction of buildings on adjacent
lots. This amendment of the ordinance was admitted in
evidence by the court, as stated at the time, not as a matter
of justification, in case it should appear there was a conver-
sion of the property, but in mitigation of punitive damages.
The stone placed in the street by appellant was permitted
to remain there until October 30, 1897, when it was loaded
on cars of said railroad company by its employes and taken
away, and a few days later deposited on some vacant lots
owned by said company about 2,000 feet distant from appel-
lant's lots. On December 24, 1897, this action was com-
menced by appellant against the railroad company and the
city. That the city of Sterling was a municipal corpora-
tion, having charge of its streets and alleys, and that it was
its duty to keep the same open to public travel is not
contested by appellant, but he insists, first, that there is
no proof that the city employed the railroad company to
remove the stone, and second, that it does not appear that
appellant deposited the stone in the street in violation of
the ordinances of the city.

Appellant's first proposition is plainly unwarranted,
although he repeats it a number of times, both in his orig-
inal brief and in his reply. Upon the trial a question was
asked by one of the attorneys for appellant concerning the
train which removed the stone, when the attorney for the

city remarked that it was not necessary to take up time with that, as it was conceded that the city took the stone and employed the railroad company to do it. Later on it was proposed by appellees to show the arrangement between the city and the company under which the stone was removed, but counsel for appellant objected on the ground that it was already admitted that the city had employed the railroad company to do the work, and further proof was therefore not made. Under these circumstances, appellant is not in position to insist that there was no proof of the employment of the railroad company by the city.

The question then arises, was the stone deposited by the appellant in the street in violation of the ordinances of the city? The ordinance in force at the time the greater part of the stone was placed there, provided for the use of not more than one-third of the width of the street, adjacent and opposite to the premises, for the purpose of placing building materials thereon whenever such use should be necessary during the continuous construction of any building on said premises. The street was sixty-six feet wide, so that under the ordinance appellant could, in any event, only have the right to use the south twenty-two feet of it for the purpose of storing building material. The north line of the stone, however, extended twenty-four feet north of the south side of the street, so that he was using two feet of the street without any authority whatever, and as to such was a trespasser.

About April 1, 1897, appellant set some men to work digging trenches on his said premises, and afterward had some stone laid in the same, a part of one wall reaching the height of some four feet. Such work, however, was carried on in the most desultory manner. Part of the time the men worked in the quarry owned by appellant or were engaged in dressing stone, and a greater portion of the time no work at all was being done in reference to the construction of buildings upon said lots. There is nothing to show that any stone at all was laid after July, 1897. The evidence as a whole fails to show that there was a continuous

construction of any building on said premises as contemplated by the ordinance.

It appears from the proof, however, that for some time there has been a controversy between the appellant on one side, and the city and the railroad company on the other, concerning the use of Depot street south of the railroad tracks. Appellant insisted that such portion of the street should not be used by teams engaged in loading or unloading cars standing upon the main track. He was unable, however, to get the city to assist him in preventing such use of the street. On the contrary the city attempted to keep the street open for such use, as well as general travel; and when appellant commenced to pile stone in the street about April 1, 1897, it caused the men engaged at the work to be arrested and the stone taken away. The stone, which was almost immediately afterward placed in the street by appellant, practically blocked the way to the cars for wagons and prevented the use of the street by the public for that purpose. These matters were proper to be considered as bearing upon the question whether appellant in good faith placed the stone in the street to be used during the continuous construction of a building on his said premises.

Neither of appellees claims any interest in the stone, nor have they converted it to any use whatever. They say that the stone is subject to the order and control of appellant, and that he can take the same whenever he so desires. We are of opinion that the stone was in the street in violation of the ordinances of the city, and, it being the duty of the latter to keep the street open to public travel, it properly caused the stone to be removed.

The only other question urged by appellant as a reason for reversing the case, arises upon the instructions. All of the instructions offered by appellant were given by the court as offered, while those presented by appellees were given with certain modifications. While there are some minor inaccuracies in the instructions, yet there are none of which appellant can justly complain, as the instructions

as a whole fairly presented his theory of the case to the jury. The proof was sufficient to sustain the verdict, the case appears to have been fairly tried and the judgment will therefore be affirmed.